IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB R. PRATT,

    Plaintiff,

v.                                         Civ. No. 18-524 MV/KK

GERMAN FRANCO *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Federal Rule of Civil Procedure 41(b) on Plaintiff Jacob R. Pratt's First Amended Complaint Prisoner's Civil Rights Complaint (Doc. 19), filed April 2, 2019, and the Court's Order to Show Cause (Doc. 52), filed December 23, 2021. Having reviewed the pleadings, the record, and the relevant law, and being otherwise fully advised, the Court will dismiss Plaintiff's remaining claims without prejudice for failure to prosecute this action and failure to comply with a court order.

Rule 41(b) permits a court to dismiss a claim or action *sua sponte* for failure to prosecute it or to comply with court orders. Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go" at prosecution or compliance; "accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

As the Court explained in its Order to Show Cause, Plaintiff has failed to prosecute this action for many months, despite the filing of multiple pleadings that required him to respond or object if he wished to preserve the claims they addressed. First, on August 6, 2020, the Court entered an Order to File a *Martinez* Report, in which it directed Defendants to file a report under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978). (Doc. 27.) The Court notified the parties it might use the *Martinez* report in deciding whether to grant summary judgment on motion or *sua sponte*. (*Id.* at 5-6.) As such, the Court urged "all parties (including Plaintiff in his response or objections to the *Martinez* Report) . . . to submit whatever proof or other materials they consider relevant to Plaintiff's claims and Defendants' defenses in the pleadings they file pursuant to this Order." (*Id.* at 6.) Defendants filed their *Martinez* Report on November 26, 2020. (Doc. 35.) Plaintiff's response or objections to the report were due by April 6, 2021. (Doc. 37 at 4.) However, Plaintiff never responded or objected to the report or sought an extension of the April 6, 2021 deadline in which to do so.

Second, on May 7, 2021, Defendants timely filed a motion seeking summary judgment on all of Plaintiff's claims. (Docs. 45, 46.) "A response [in opposition to a motion] must be served and filed within fourteen (14) calendar days after service of the motion[,]" and "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b), 7.4(a). However, Plaintiff never filed a response in opposition to Defendants' summary judgment motion or sought an extension of time in which to do so.

Third, on November 24, 2021, United States Magistrate Judge Kirtan Khalsa filed her Proposed Findings and Recommended Disposition ("PFRD") recommending that Defendants' summary judgment motion be granted in part, and that several of Plaintiff's claims be dismissed

without prejudice for failure to exhaust administrative remedies. (Doc. 50.) Judge Khalsa notified the parties that they were required to file any objections to the PFRD within 14 days and that if no objections were filed, no appellate review would be allowed. (*Id.* at 20); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). However, Plaintiff did not object to the PFRD or seek an extension of time in which to do so; and, on December 20, 2021, the Court entered an order adopting the PFRD and dismissing several of Plaintiff's claims without prejudice. (Doc. 51.)

Most recently, in its Order to Show Cause, the Court ordered Plaintiff to show cause why it should not deem his failure to respond or object to the *Martinez* Report, summary judgment motion, and PFRD a failure to prosecute this action and consent to the dismissal of his remaining claims without prejudice. (Doc. 52 at 3.) The Court specifically informed Plaintiff that if he failed to timely respond to the Order to Show Cause, it "may dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice." (*Id.*) Nevertheless, Plaintiff has not responded to the Order to Show Cause and the deadline for him to do so has expired. (*Id.*)

In short, Plaintiff has failed to participate in this litigation for many months, despite the filing of pleadings that required him to respond or object to preserve the claims addressed therein. He has also failed to comply with the Court's Order to Show Cause. The Court therefore will dismiss Plaintiff's remaining claims pursuant to Rule 41(b) for failure to prosecute this action and failure to comply with a court order. *Olsen*, 333 F.3d at 1204 n. 3. Such dismissal will be without prejudice; accordingly, the Court "may, without abusing its discretion, enter such an order without attention to any particular procedures," such as evaluation of the *Ehrenhaus* factors. *Nasious*, 492 F.3d at 1162; *Ehrenhaus*, 965 F.2d at 921.

IT IS THEREFORE ORDERED that the remaining claims asserted in Plaintiff's First Amended Complaint Prisoner's Civil Rights Complaint (Doc. 19) are **DISMISSED WITHOUT**

**PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order to Show Cause (Doc. 52) and failure to prosecute this action.

IT IS SO ORDERED.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE